# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMI LANEA HENSHAW,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　Defendant.<br>_____/ | Case No.  1:14-cv-01788-SKO<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**<br><br>(Doc. 25) |

After successfully obtaining reversal of an Administrative Law Judge's ("ALJ") decision denying her application for Social Security disability benefits, Plaintiff filed an application for an award of attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $7,554.12.  (Doc. 25 (seeking compensation for 39.7 hours of attorney time, after voluntarily deducting 1.4 hours to account for time spent on clerical tasks).)[1]

On June 1, 2016, Defendant filed an opposition asserting the government was substantially justified in defending the underlying administrative action and, in the alternative, requesting a reduction of the fee award.  (Doc. 27 (seeking a deduction of 7.1 hours "for time spent on arguing

---

[1]  The Court notes, as a threshold matter, that Plaintiff's counsel miscalculated the number of hours spent on the litigation.  Plaintiff's counsel asserts she spent a total of 41.1 hours on the litigation, however, only 38.9 hours are accounted for on counsel's timesheet.  *See* Doc. 25-1; Doc. 27 (noting discrepancy).  Absent evidence of additional hours expended in the litigation and given Plaintiff's counsel's voluntary deduction of 1.4 hours, the Court will rely upon the total of 37.5 attorney hours as of May 10, 2016, as its baseline number for any award of attorney's fees.

issues that the Court ultimately rejected" for a reduced award of $5,784.52).) On June 15, 2016, Plaintiff untimely filed a reply brief, which requested a supplemental EAJA award of $475.70 for 2.5 hours spent on the reply brief. (Doc. 28.) For the reasons set forth below, Plaintiff's application for EAJA fees and expenses is GRANTED IN PART.

## I. BACKGROUND

Plaintiff filed this action on November 10, 2014, seeking judicial review of a final administrative decision denying her application for Social Security disability benefits. On February 11, 2016, the Court issued an order reversing the ALJ's decision and remanding the case for reconsideration of testimony. (Doc. 23.) The Court's decision to remand the case for reconsideration was based solely upon the conclusion that the ALJ erred in discounting Plaintiff's credibility without explanation, not on Plaintiff's arguments that the ALJ erred in weighing the medical evidence and formulating her residual functional capacity assessment. (*See* Doc. 23.)

On May 10, 2016, Plaintiff filed a motion for EAJA fees and expenses, seeking $7,554.12. Defendant filed an opposition asserting that the Commissioner's position was substantially justified, as demonstrated by the Court's remand on only one issue of the "many" raised by Plaintiff on appeal, and requesting a reduction of fees to account for Plaintiff's counsel's "scattershot arguments" and "fail[ure] to winnow the weak arguments and emphasize the strong ones." (Doc. 27, p. 8 (citing *Reyna v. Astrue*, No. 1:09-cv-00719-SMS, 2011 U.S. Dist. LEXIS 139977, *13 (E.D. Cal. Dec. 6, 2011), *aff'd sub nom Reyna v. Comm'r of Soc. Sec.*, 548 Fed. App's 404, 405 (9th Cir. 2013). It is Plaintiff's motion for attorney fees and expenses under the EAJA that is currently pending before the Court.

## II. LEGAL STANDARD

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez v.*

*Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." *Atkins v. Apfel*, 154 F.3d 986, 987 (9th Cir.1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff"). "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." *Gutierrez*, 274 F.3d at 1257.

### III.   ANALYSIS

There is no dispute Plaintiff is the prevailing party in this litigation. Moreover, the Court finds Plaintiff did not unduly delay this litigation, and Plaintiff's net worth did not exceed two million dollars when this action was filed. The Court thus considers below whether the government's actions were substantially justified.

**A.   The Government's Position was Not Substantially Justified**

Substantial justification means "justified in substance or in the main -- that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks and citation omitted). In other words, the government's position must have a reasonable basis both in fact and in law. *Id.* In considering whether the position of the government is substantially justified, the position of the United States includes "both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v Colvin*, 727 F.3d 867, 870 (9th Cir. 2013).

In the social security context, it is the ALJ's decision that is considered the "action or failure to act" by the agency. *Id.* Under the substantial justification test, the court first considers the ALJ's decision and then considers the government's litigation position in defending that decision. *Id.* Where the underlying ALJ decision is not substantially justified, a court need not address whether the government's litigation position was justified. *Id.* at 872 (citing *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) ("The government's position must be substantially justified at each stage of the proceedings" (internal quotation marks and citation omitted)).

Pursuant to *Meier*, determining whether the agency's position was substantially justified requires first examining the ALJ's decision for substantial justification. 727 F.3d at 870. Here, the ALJ's rejection of Plaintiff's subjective testimony was improper, and there was no substantial evidence to support the ALJ's finding that she was not credible. An ALJ's failure to correctly evaluate testimony and rendering of a decision that is not supported by substantial evidence are the types of fundamental agency errors that are difficult to consider substantially justified. *Thangaraja v. Gonzales*, 428 F.3d at 870, 874 (9th Cir. 2007) ("holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the 'position of the United States' . . . was not substantially justified"); *see also Sampson v. Chater*, 103 F.3d 918, 921-22 (9th Cir. 1996) (ALJ's failure to make necessary inquiries of the unrepresented claimant and his mother in determining onset date, as well as disregard of substantial evidence establishing the same was not substantially justified).

That the Commissioner believes her litigation position before the Court was substantially justified does not vitiate the error at the administrative level. *Williams v. Bowen*, 966 F.2d 1259, 1261 (9th Cir. 1991) (government's position must be "substantially justified" at "each stage of the proceedings"). Moreover, the Commissioner cites no authority that a court may *reduce* the number of hours awarded under EAJA based on substantial justification for some portion of the government's litigation conduct in defending the agency action. Substantial justification is one of the threshold statutory requirements to determine whether EAJA fees are awardable; it is not a basis to carve out hours spent by the prevailing party in responding to what Defendant asserts was a substantially justified litigation position. *INS v. Jean*, 496 U.S. 154, 166 (1990) ("'substantial

justification' requirement of the EAJA establishes a clear threshold for determining a prevailing party's eligibility for fees").

The Commissioner has not satisfied her burden to show the government's position was substantially justified at each stage of the proceedings. Plaintiff is entitled to attorney fees and expenses under the EAJA.

**B.     The Hours Expended by Plaintiff's Counsel are Reasonable**

Defendant filed an opposition asserting that the Commissioner's position was substantially justified, as demonstrated by the Court's remand on only one issue of the "many" raised by Plaintiff on appeal, and requesting a reduction of fees to account for Plaintiff's counsel's "scattershot arguments" and "fail[ure] to winnow the weak arguments and emphasize the strong ones." (Doc. 27, p. 8.)

The EAJA provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)(A). By statute, hourly rates for attorney fees under EAJA are capped at $125 per hour, but district courts are permitted to adjust the rate to compensate for increases in the cost of living.[2] 28 U.S.C. § 2412(d)(2)(A); *Sorenson v. Mink*, 239 F.3d 1140, 1147-49 (9th Cir. 2001); *Atkins*, 154 F.3d at 987. Determining a reasonable fee "requires more inquiry by a district court than finding the 'product of reasonable hours times a reasonable rate.'" *Atkins*, 154 F.3d 988 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The district court must consider "the relationship between the amount of the fee awarded and the results obtained." *Id*. at 989.

Here, Plaintiff's attorney obtained an order reversing the ALJ's determination, which is a good outcome for Plaintiff. Plaintiff attorney has 17 years of experience in disability litigation under the Social Security Act. (Doc. 25-2.) Further, Plaintiff has voluntarily deducted 1.4 hours from her total time spent on the litigation to account for time spent on clerical matters. (Docs. 25, p. 3; 28, p. 4.) The claimed total of 37.5 attorney hours represents a reasonable amount of time for an attorney to expend on this particular matter, *see, e.g., Vallejo v. Astrue*, No. 2:09-cv-3088 KJN,

---

[2] Pursuant to *Thangaraja*, 428 F.3d at 876-77 and the Ninth Circuit Rule 39-1.6, the Ninth Circuit maintains a list of the statutory maximum hourly rates authorized under the EAJA, as adjusted annually to incorporate increases in the cost of living. The rates are found on that court's website: http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039. Plaintiff requests an hourly rate of $190.28 for work performed in 2015 and 2016. This rate is consistent with the statutory maximum rates as set forth by the Ninth Circuit.

2011 WL 4383636, at *4 (E.D. Cal. Sept. 20, 2011) (declining to "conduct a line-by-line analysis" of billing entries to determine all 62.6 hours of attorney time spent on the litigation were justified), and are well within the limit of what would be considered a reasonable time spent on this action when compared to the time devoted to similar tasks by counsel in like Social Security appeals before this court, *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (noting "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases") (citing *Patterson v. Apfel*, 99 F.Supp.2d 1212, 1214 n.2 (C.D. Cal. 2000) (collecting district court cases)); *see also Thompson v. Colvin*, No. 2:12-cv-01850-AC, 2015 WL 1767733, at *2 (E.D. Cal. Apr. 16, 2015) (finding 63.4 hours to be reasonable); *Boulanger v. Astrue*, 2:07-cv-0849-DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); *Valleyjo v. Astrue*, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be reasonable).

However, the Court is persuaded by the Commissioner's contention that Plaintiff's counsel should not be compensated for time spent on "scattershot arguments." (Doc. 27, p. 8.) In determining an award of attorneys' fees, "the most critical factor is the degree of success obtained." *Hensley*, 461 U.S. at 436. If the plaintiff has obtained excellent results, his or her attorney ordinarily should receive the full compensatory fee, consisting of all hours reasonably expended on the litigation. *Id*. at 435. But if the plaintiff has achieved only partial or limited success, compensation for the full amount of the attorney's time may be excessive even if the attorney presented claims that were nonfrivolous and raised in good faith. *Id*. at 436.

"Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion or skill." *Id*. Despite the number of attorney hours involved in prosecuting such a case, the fact that the plaintiff prevailed may not be conclusive on the award of attorney fees. *Id*. Where an award of the requested fees would clearly be excessive, "no precise rule or formula" exists to determine the appropriate award of attorneys' fees. *Id*. A district court may elect either to identify specific time that must be eliminated or simply reduce the fee award as a whole to address the limited success.

*Id*. The decision of how to proceed is entrusted to the district court's discretion. *Id*.

> A district court's assessment of the "degree of success" achieved in a case is not limited to inquiring whether a plaintiff prevailed on individual claims. . . . Both "the quantity and quality of relief obtained," as compared to what the plaintiff sought to achieve as evidence in her complaint, are key factors in determining the degree of success achieved. . . . Indeed, this comparison "promotes the court's 'central' responsibility to 'make the assessment of what is a reasonable fee under the circumstances of the case.'"

*Adorno v. Port Authority of New York and New Jersey*, 685 F. Supp.2d 507, 513 (S.D.N.Y.2010) (quoting *Barfield v. New York Health & Hosp. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008). Here, the case was remanded on a single issue -- that the ALJ failed to meet the standard for discrediting Plaintiff's subjective symptom testimony under *Brown-Hunter v. Colvin*, 806 F.3d 487 (9th Cir. 2015). (*See* Doc. 23 (rejecting Plaintiff's argument the ALJ erred in assessing multiple physicians' opinions, in finding Plaintiff's physical impairments and mental impairment not disabling, and in assessing Plaintiff's residual function capacity).) Plaintiff's credibility argument comprised only 2 pages of her 27-page opening brief and only half a page of her 7-page reply brief. (*See* Docs. 19; 22.)

Plaintiff asks the Court to "'focus on the significance of the overall relief obtained,' [rather than] parse out and deduct time that an attorney spent on an argument that the Court rejected." (Doc. 28, p. 3 (quoting *Hensley*, 461 U.S. at 435).) Plaintiff's counsel contends that the time spent summarizing the evidence "to establish the common core of facts underlying Plaintiff's case" was necessary; the Court agrees and counsel's time spent reviewing and summarizing the administrative record will not been discounted. Plaintiff's counsel is also correct that she had a duty to her client to raise all issues that had merit; however, it is clear to the undersigned that counsel spent the overwhelming majority of her time briefing issues that *lacked* merit and a very small portion of her time briefing the single issue on which remand was granted.

The Court is persuaded that Plaintiff's counsel should not be rewarded for time spent on arguments that were rejected by the Court as unmeritorious. Accordingly, counsel's time spent preparing arguments for the opening brief and reply brief will be halved to deduct for time spent on scattershot and baseless arguments ultimately rejected by the Court in its order remanding for reconsideration. Counsel's request for compensation for an additional 2.5 hours spent drafting,

revising, and finalizing her reply brief is further denied as untimely.  (*See* Doc. 26 (ordering any reply to be filed by no later than June 14, 2016); Doc. 28 (untimely filed at 0:25 a.m. on June 15, 2016).)

Plaintiff will be awarded EAJA fees for 30.4 total attorney hours, comprising a total of 38.9 hours spent on the litigation, less 1.4 hours for clerical tasks and further reduced by 7.1 hours to account for time spent on unmerited arguments.  (*See* Docs. 25, p. 3; 25-1)

### IV.   CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's motion for EAJA fees and expenses is GRANTED IN PART in the amount of $ 5,784.52.

IT IS SO ORDERED.

Dated:   **July 5, 2016**                                             /s/ *Sheila K. Oberto*
                                                                            UNITED STATES MAGISTRATE JUDGE